UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-14

| | |
|---|---|
| IXI MOBILE (R&D), LTD., *et al.*,<br><br>Plaintiffs,<br><br>- v -<br><br>SAMSUNG ELECTRONICS CO., *et al.*,<br><br>Defendants. | No. 14-cv-4355 (RJS) |
| IXI MOBILE (R&D), LTD., *et al.*,<br><br>Plaintiffs,<br><br>- v -<br><br>BLACKBERRY, LTD., *et al.*,<br><br>Defendants. | No. 14-cv-4428 (RJS) |
| IXI MOBILE (R&D), LTD., *et al.*,<br><br>Plaintiffs,<br><br>- v -<br><br>APPLE INC.,<br><br>Defendant. | No. 14-cv-7954 (RJS)<br><br>**Case Management Plan and Scheduling Order** |

RICHARD J. SULLIVAN, District Judge:

  Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and this Court's Order dated December 1, 2014, the Parties have conferred regarding case management and a pretrial schedule for these related cases and submit the below Proposed Case Management Plan and Scheduling Order.

Accordingly, in light of the foregoing, and good cause being shown, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).[1]

2. These cases are to be tried to juries.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Plaintiffs, the Samsung defendants, and the Blackberry defendants have previously exchanged Initial Disclosures. Apple Inc. shall serve its Initial Disclosures by January 7, 2015.

6. Completion of Fact Discovery: November 10, 2015

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

Initial requests for production of documents served by: March 2, 2015

Initial Interrogatories shall be served by: April 30, 2015

Depositions shall be completed by: November 10, 2015

> Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.
>
> There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.
>
> The parties agree that any non-party deposition will be scheduled, whenever possible, for a date that is mutually acceptable to all parties who wish to attend.

Requests to Admit on matters other than the authenticity or admissibility of documents shall be served no later than: September 10, 2015

---

[1] Apple states that the proposed schedule assumes that all defendants remain in this District; Apple is evaluating whether it should seek transfer, given this case's lack of connection to this District. IXI believes that Apple has numerous significant connections with this District for venue purposes and would oppose any applicable motion to transfer.

117924914_1

**Contentions**

    a)    Disclosure of Asserted Claims and Infringement Contentions (Local Patent Rule 6) shall be served by the earlier of:

           (1) January 30, 2015; or (2) 45 days after the Initial Scheduling Conference (Local Patent Rule 6).

    b)    Invalidity Contentions shall be served by the later of:

           (1) March 2, 2015; or (2) 45 days from the date Plaintiffs serve their Disclosure of Asserted Claims and Infringement Contentions.

    c)    The substance and content of the parties' contentions shall generally follow Rules 3-1 and 3-3 of the Rules of Practice for Patent Cases before the Eastern District of Texas.

**Claim Construction**

    a)    The Joint Claim Terms Chart (Local Patent Rule 11) shall be filed by:

           June 8, 2015.

    b)    Plaintiffs' Claim Construction Brief shall be filed by:

           July 8, 2015.

    c)    Defendants' Claim Construction Briefs shall be filed by:

           August 7, 2015.

    d)    Plaintiffs' Reply Claim Construction Brief shall be filed by:

           August 14, 2015.

8.    All expert disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a)    Expert reports for issues on which a party bears the burden of proof shall be served by: 45 days after claim construction ruling;

    b)    Expert report for issues on which a party does not bear the burden of proof shall be served by: 45 days after service of initial expert reports as required in 8(a) above;

    c)    Deposition of Expert(s) of Plaintiff(s): within 45 days after service of all expert reports;

        d)     Deposition of Expert(s) of Defendant(s): within 45 days after service of all expert reports.

9. All discovery shall be completed no later than 45 days after service of all expert reports.

10. The parties shall submit a Joint Preliminary Trial Report no later than 14 days after close of all discovery, setting forth the following:

    a)     The full caption of the action;

    b)     The name, address, telephone number, fax number and email address of each principal member of the trial team, and an identification of each party's lead trial counsel;

    c)     A list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried;

    d)     An identification of the governing law for each claim and defense that will be tried and a brief description of any dispute regarding choice of law;

    e)     The number of days currently estimated for trial and whether the case is to be tried with or without a jury;

    f)     A statement indicating whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent; and

    g)     A brief description of any summary judgment motion a party intends to file, including a statement identifying whether expert testimony will be offered in support of the motion.

11. The Court will conduct a post-discovery conference on NOVEMBER 24, 2015.
*[To be completed by the Court.]*

12. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by NOVEMBER 10, 2015. *[To be completed by the Court.]* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Rules of Practice.

13. If neither party contemplates a motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

14. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:

117924914_1

      a)    __X__ Referral to a Magistrate Judge for settlement discussions

      b)    _____ Referral to the Southern District's Mediation Program

*[Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.]*

The parties are to contact _____ by __MAY 15, 2015__. [To be completed by the Court after consultation with the parties.]

15. Parties have conferred and their present best estimate of the length of trial is: 1-2 weeks for each trial, with a separate trial for each Defendant.

16. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a <u>single letter, jointly composed, not to exceed five pages</u>. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(l), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

17. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (That is, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: __Dec. 8__, 20__14__
      New York, New York

                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE